IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| DONIS LEMOND DENBY, | § | |
| TDCJ #00655223, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 3:16-CV-158 |
| | § | |
| FNU BOSCO, *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER OF DISMISSAL

Plaintiff, Donis LeMond Denby (TDCJ #00655223), is an inmate in the custody

of the Texas Department of Criminal Justice - Correctional Institutions Division

("TDCJ"). He filed a civil rights complaint in the Tyler Division of the Eastern District of

Texas alleging, among other things, that he was sexually assaulted by a male officer

while being treated at the University of Texas Medical Branch ("UTMB") in Galveston

(Dkt. 1). Judge Mitchell and Judge Schneider severed the claims stemming from the

events at UTMB from the rest of the suit and transferred the UTMB claims to this

division (Dkt. 10 and Dkt. 29). Just after the transfer, the Court granted Denby's request

for leave to amend his complaint (Dkt. 37).

Denby is a three-strike filer, meaning that he has, while incarcerated, filed at least

three lawsuits that were dismissed for being frivolous, for being malicious, or for failing

1

to state a claim upon which relief may be granted.[1] *See* 28 U.S.C. § 1915(g). As a result, Denby may not bring this action *in forma pauperis* ("IFP") unless he was under imminent danger of serious physical injury at the time he filed his complaint. *Banos v. O'Guin*, 144 F.3d 883, 885 (5th Cir. 1998). The three-strikes statute uses language that is mandatory, not discretionary; and, indeed, Judge Clark, on the recommendation of Judge Mitchell, revoked Denby's IFP status in the case from which this matter was severed after Denby failed to demonstrate his entitlement to the imminent-danger exception. *See* Eastern District of Texas Case Number 6:15-CV-876 at Dkt. 56 and Dkt. 62.

Because Denby has not paid the filing fee, the Court ordered him to show cause why this case should not be dismissed (Dkt. 40). In his response, Denby presented the same arguments that he made to Judge Clark and Judge Mitchell regarding why he thinks the imminent-danger exception applies (Dkt. 41). *See* Eastern District of Texas Case Number 6:15-CV-876 at Dkt. 59 and Dkt. 61. Judge Clark and Judge Mitchell have thoroughly addressed Denby's arguments, and the Court concurs with their analysis. *See* Eastern District of Texas Case Number 6:15-CV-876 at Dkt. 56 and Dkt. 62.

---

[1] The three strikes were Northern District of Texas Case Numbers 2:10-CV-70; 2:13-CV-6; and 7:11-CV-157.

The Court **ORDERS** that this case is **DISMISSED WITHOUT PREJUDICE** as barred by 28 U.S.C. § 1915(g). The case will be reopened if Denby pays the filing fee in full within thirty days of the date of this order.

The Clerk of this Court shall send a copy of this Order to the parties.

SIGNED at Galveston, Texas, on ___June 6_____, 2017.

_____
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE